**In re DURANT REALTY COMPANY, LTD., Debtor.**

Bankruptcy No. 87–00838–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

May 1, 1987.

Michael S. Feinman, Feinman, Feinman & DiStefano, P.A., Lauderhill, Fla., for debtor.

Terry E. Resk, Lewis, Vegosen, Rosenbach & Fitzgerald, P.A., W. Palm Beach, Fla., for PGA.

## ORDER DENYING RECONSIDERATION

THOMAS C. BRITTON, Chief Judge.

The debtor's emergency motion for reconsideration (C.P. No. 11) filed April 23, was heard April 27 and 28. The motion is denied.

The motion is addressed to the Order of April 21 granting stay relief to the holder of a deed of trust upon Colorado property.

The motion merely reargues the debtor's contentions made at the hearing on the motion for stay relief—that there is sufficient equity in the property to adequately protect movant's claim, in the event that the debtor is unable to refinance this lien through a confirmed plan.

█ I granted stay relief because I do not believe that a debtor can compel a secured creditor whose lien claim fully matured by its terms, and went into default *before bankruptcy* and whose judicial sale was blocked by the bankruptcy petition, from being forced to wait at least six months to see if the debtor can satisfy the lien as is the debtor's intention here. *See First Fed. Sav. and Loan Assoc. of the Fla. Keys v. Monroe County Hous. Corp., Inc.,* No. 82–413 at pp. 6–9 (S.D.Fla. Apr. 1, 1983) (distinguishing between matured and accelerated obligations under 11 U.S.C. § 1124(2)(A)). The fact, which I accept, that the property is worth $1 million and this lien, including interest to date and costs and expenses, presently leaves a cushion of over $100,000 with interest accruing at the rate of $16,666 a month, does not make six months a reasonable time for the prompt cure and satisfaction of a pre-petition, fully matured secured lien.

This debtor, which has stated that the maximum sum it could raise in the next two weeks would be $7,000 requires three months to file a plan. Under existing rules and procedures, such a plan could not be confirmed and implemented in less than

two months after it is filed. This bankruptcy was commenced March 16, more than a month ago.

 If the satisfaction of a prepetition matured, secured lien can be delayed under chapter 11, without the creditor's consent, that delay, I am convinced, must be so brief as to be deemed inconsequential, that is to say, not more than the time it would take the creditor to enforce its lien under available State remedies. A six-month delay is clearly unreasonable in this instance, and this is the shortest interval proposed by the debtor.